**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH FRAYRE-GARCIA, | No. 12-74245 |
| Petitioner, | Agency No. A070-642-776 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2016[**]
San Francisco, California

Before: SILVERMAN and TALLMAN, Circuit Judges and LASNIK, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, Senior United States District Judge for the Western District of Washington, sitting by designation.

Elizabeth Frayre-Garcia, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings for consideration of adjustment of status, cancellation of removal, asylum, withholding of removal, protection under the Convention Against Torture, administrative closing in the exercise of prosecutorial discretion, and, in the alternative, voluntary departure. We have jurisdiction under 8 U.S.C. § 1252.

Our jurisdiction, however, is limited to review of arguments raised before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930-31 (9th Cir. 2004). Petitioner raises two arguments not advanced before the BIA: 1) that her prior counsel provided ineffective assistance by failing to present evidence that her prior conviction was not for a crime involving moral turpitude and thus does not bar her from being eligible for voluntary departure; and 2) that she is eligible for derivative asylum. We do not have jurisdiction to consider these arguments, and therefore the petition is dismissed in part.

Frayre-Garcia has not challenged the BIA's findings that she failed to establish prima facie eligibility for adjustment of status and cancellation of removal. Nor has Frayre-Garcia questioned the BIA's explanation that it does not have the authority to exercise prosecutorial discretion. We will not consider these

2

issues. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that issues not properly raised before the appellate court are deemed waived).

What remains for our review is Frayre-Garcia's claim that the BIA erred in denying her motion to reopen for consideration of her eligibility for asylum, withholding of removal, and protection under the Convention Against Torture. We review for abuse of discretion the denial of a motion to reopen, and "may grant relief only if the BIA acted arbitrarily, irrationally, or contrary to law." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013) (internal quotation marks omitted). The BIA did not abuse its discretion in denying Frayre-Garcia's motion to reopen because the BIA considered the limited evidence submitted in support of petitioner's claim and acted within its broad discretion in determining that Frayre-Garcia failed to demonstrate prima facie eligibility for relief. *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988) (BIA may deny a motion to reopen if the movant has not established a prima facie case for the underlying relief sought); *Kotasz v. I.N.S.*, 31 F.3d 847, 851-52 (9th Cir. 1994) (asylum applicant must show particular risk different from risk faced by fellow citizens).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**